PER CURIAM.
In February 2002 Arkansas inmate Chester Sergent filed a 42 U.S.C. § 1983 complaint against Arkansas Department of Correction (ADC) officials alleging, inter alia, that he had been involuntarily exposed to secondary smoke from inmates smoking tobacco in the Delta Regional Unit, where he was housed; he provided proof of exhaustion as to the claim. In September 2002 Sergent moved for injunc-tive relief, claiming he was exposed to tobacco smoke in the North Central Unit, where he was then housed, in violation of ADC’s tobacco-free policy. Sergent was directed to provide proof of exhaustion of his new claim within thirty days, and he submitted his August 12, 2002 grievance regarding tobacco smoke in the North Central Unit. On November 15 the district court[1] determined that Sergent had produced only partial evidence of exhaustion of his claim — the August 12 grievance— and had not submitted the Warden’s response or the final disposition from the Assistant Director. The court thus dismissed the case without prejudice for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a).
Sergent submits on appeal the August 15 Warden’s response; his August 17 appeal; September 27 and November 25 grievance-extension requests, both of which he refused to grant; and the December 4 Assistant Director’s decision denying his grievance. He argues that the resolution of his grievance was untimely under ADC grievance procedure.
Under ADC grievance procedure, an inmate must file a grievance, with a griev-anee officer or the Warden’s designee, within fifteen days after the “grievance occurrence.” The Warden’s written response must be provided within twenty “working days” of receipt of the inmate’s grievance in non-emergency situations. The inmate may appeal the Warden’s response, within ten working days, to the Assistant Director. The Assistant Director must respond to the appeal in writing within twenty working days. When a longer period of time is required for response or resolution, the inmate must be notified, on a Grievance Extension Form, of the reason for the delay and its expected length; time limits for responding may be extended only with the written agreement of the inmate. The entire grievance process must be completed within sixty-five working days unless a valid extension has been agreed to, or it can be documented that unforeseen circumstances have occurred — such as the respondent’s absence or illness, the loss of documents in the mail, or other causes outside the parties’ control. See Ark. Dep’t of Corr. Admin. Directive 97-08 (July 8,1997).
Prison officials’ failure to timely respond to a grievance could be a basis for a prisoner to show that he exhausted “available” administrative remedies. See Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) (district court lacked sufficient factual basis to find inmate failed to exhaust administrative remedies when prison officials had refused to respond to informal resolution request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) (remedy that prison officials prevent inmate from using is not “available” remedy under § 1997e(a); inmate’s allegations that prison failed to respond to his requests for grievance forms *1086 were sufficient to raise inference that he had exhausted “available” remedies).
Significantly, however, we find no evidence in the record before us that Sergent asserted below, to the district court, that he was being prevented from effectively utilizing grievance procedures. At the time his case was dismissed, Sergent had received the Warden’s response, had appealed to the Assistant Director, and had received and refused one grievance-extension request. He did not submit this material to the district court, and we see no other indication in the record that Sergent made reference below to an untimely grievance process. Thus, on the record that was before the district court at the time that it ruled, we conclude that the court properly dismissed the case without prejudice for failure to exhaust. Cf. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir.2000) (per curiam) (upholding dismissal for failure to exhaust because inmate did not allege exhaustion in his complaint or attach evidence of exhaustion, and thus did not satisfy burden of showing exhaustion).
Accordingly, we affirm.

. The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.